UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADIEL APARICIO JUAN<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, WARDEN OF OTAY MESA DETENTION CENTER; GREGORY J. ARCHAMBEAULT IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE) SAN DIEGO FIELD OFFICE DIRECTOR; TODD M. LYONS, ACTING DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE/ERO); MARKWAYNE MULLIN, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; IN THEIR OFFICIAL CAPACITIES,<br><br>                              Respondents. | Case No.: 3:26-cv-2099-JES-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING AS MOOT COUNTS TWO AND THREE OF THE PETITION.**<br><br>**[ECF No. 1]** |

1

3:26-cv-2099-JES-BJW

Before the Court is Petitioner Amadiel Aparicio Juan's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1. Pursuant to the Court's Order to Show Cause, Respondents ("the Government") filed the Response ECF Nos. 2, 6 ("Res."). The Court then took the matter under submission. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a citizen of Guatemala who first entered the United States as a minor, in 2018. Pet. ¶ 25. In January 2020, Respondents issued a charging document and placed Petitioner in removal proceedings; however, the Immigration Judge ("IJ") closed the case due to the Government's failure to prosecute. *Id.* at 17. Respondents filed a new charging document on February 26, 2020, but those proceedings were also terminated by an Immigration Judge's order of dismissal on July 26, 2023. *Id.* at 18. In the years between his entry and his most recent detention, Petitioner resided and worked in the United States without incident. Pet. ¶ 37. He has no criminal history and poses no danger to the community. *Id.*

On February 4, 2026, U.S. Customs and Border Protection ("CBP") conducted checkpoint operations at Old Highway 395 in Rainbow, California. *Id*. ¶ 25. CBP officers pulled Petitioner over, processed him, and transferred him to Otay Mesa Detention Center, where he has remained in Respondents' custody since. *Id.* ¶¶ 1, 25. His removal proceedings are currently pending. *Id.* ¶ 16.

On March 6, 2026, Petitioner requested a custody redetermination hearing. *Id*. ¶ 26. On March 12, 2026, the IJ denied the request, concluding that the court lacked jurisdiction to grant bond. *Id*. at 14. The IJ's decision was based on the Ninth Circuit's recent stay of applying *Maldonado Bautista* to prospective Bond Class Members outside of the Central District of California. *Bautista v. U.S. Dep't Homeland Sec.*, No. 26-1044, Dkt. No. 5.1, p. 1-2 (9th Cir. Mar. 6, 2026). In *Maldonado Bautista*, the district court established, and granted relief to, a national class of noncitizens who were denied bond by Respondents and vacated the Board of Immigration Appeal's ("BIA") decision in *Matter of Yajure Hurtado*.

*Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1083-84 (C.D. Cal. 2025) (holding that 8 U.S.C. § ("Section") 1226(a) governs the detention of noncitizens who entered the country without inspection, were not detained immediately following their entry, and were apprehending away from the border); 29 I&N 216 (BIA 2025) (holding that noncitizens who entered the country without inspection, regardless of where or when they are apprehended, are subject to detention under Section 1225(b)).

Petitioner seeks habeas relief, asserting that his continued detention violates the INA and the Due Process Clause because he has been deprived of liberty without a hearing before a neutral adjudicator and without any valid regulatory basis for civil detention. Pet. ¶¶ 27–31, 32–38.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

In its Response to the Petition, the Government maintains that Section 1225(b) governs Petitioner's detention but does not oppose the Petition and defers to the Court to determine the appropriate relief. Res. at 2-3. The Court finds that the Petition's issues—specifically, the Court's jurisdiction and which statute governs Petitioner's detention—are

analogous to those raised in the Court's decision in *Velazquez-Beltran v. Noem*, No. 3:26-CV-959-JES-MSB, 2026 WL 524056, at *2-3 (S.D. Cal. Feb. 25, 2026). The Court, therefore, elects to follow the reasoning stated therein and incorporates it by reference. *Id.*

### A.   Jurisdiction

Based on these facts, the Court finds that Section 1252's jurisdiction stripping provisions do not bar it from considering Petitioner's habeas petition. *Martinez Lopez v. Noem, et al.* No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-7 (S.D. Cal. Oct. 30, 2025). Further, the prudential administrative exhaustion requirement for Section 2241 claims is excused. *Id.* Imposing this requirement would be futile due to the BIA's precedential decision in *Matter of Yajure Hurtado*, 29 I&N 216 (BIA 2025). *Id.* Thus, the Court finds that it has jurisdiction to hear the Petition.

### B.   Section 1226 Governs Petitioner's Detention

Although the Ninth Circuit stayed application of the class to any prospective members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agreed with *Maldonado Bautista's* holding. 813 F. Supp. 3d at 1080 ("In spite of *Yajure Hurtado*, this Court determined that Petitioners and those similarly situated are not 'applicants for admission,' and therefore not subject to mandatory detention under § 1225.); *see, e.g.*, *Velazquez-Beltran*, 2026 WL 524056, at *2-3; *Murillo-Ortiz v. LaRose*, No. 3:26-CV-1469-JES-BJW, 2026 WL 800556, *2 (S.D. Cal. Mar. 23, 2026); *Jasbir v. Warden, Imperial Reg'l Adult Det. Facility*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *2 (S.D. Cal. Feb. 9, 2026). Therefore, it finds *Maldonado Bautista* to be compelling persuasive authority and is inclined to adopt that court's rationale, yet again. However, the Court may not need to do so because in *Velazquez-Beltran*, it adopted its stated rationale in *Martinez Lopez v. Noem*. *See* 2026 WL 524056, at *2

Here, Petitioner entered the United States without inspection in 2018, was not apprehended upon arrival, and has continually lived in the country ever since. Pet. ¶ 16. It was not until approximately eight years later, on February 4, 2026, when CBP detained

Petitioner, far away from the border, in Rainbow, California. *Id*. ¶ 25. These facts make clear that "[p]etitioner was not actively entering, attempting to enter or had recently entered, the country when apprehended." *Martinez Lopez*, 2025 WL 3030457 at *6.

The Court, therefore, finds that Petitioner's detention is governed by Section 1226(a). *See id.*

### C. Petitioner is Entitled to a Bond Hearing

Section 1226(a) provides that noncitizens, who are arrested and detained pending a removal decision, may apply for release on bond or conditional parole. 8 U.S.C. §§ 1226(a)(2)(A-(B). If the Government denies the noncitizen's request, they may request a bond hearing in front of an IJ. *See* 8 C.F.R. § 236.1(d)(1); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021). As the Court has found that Section 1226(a) applies to Petitioner's detention, and in the absence of any opposition from Respondents on the matter, he too is entitled to such activity. Accordingly, the Court will order Respondents to provide him with a bond hearing under Section 1226(a).

### D.    Procedural Due Process

The Court declines to decide the merits of Petitioner's due process claims given that the Court will grant the relief he seeks based on its conclusion that Section 1226(a) applies here. If Respondents do not provide Petitioner with a bond redetermination hearing, pursuant to Section 1226(a), or release him within the time allotted, Petitioner may renew his Fifth Amendment Due Process claim.

### IV.  CONCLUSION

Based on the foregoing:

(1)  The Court **GRANTS** Count One of the Petition;

(2)  The Court **DENIES AS MOOT** Counts Two and Three of the Petition;

(3)  The Court **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within **ten (10) days** of this Order, or otherwise release him from custody, under the same conditions that existed before his detention;

3:26-cv-2099-JES-BJW

(4) Respondents are **ORDERED** to **FILE** a Notice of Compliance within **five (5) days** of providing Petitioner with a bond redetermination hearing; including apprising the Court of the results of the hearing; and

(5) The Clerk of Court is **DIRECTED** to **CLOSE** this suit.

**IT IS SO ORDERED.**

Dated: April 15, 2026

Honorable James E. Simmons Jr.
United States District Judge

3:26-cv-2099-JES-BJW